J-S23002-23

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| VAMSIDHAR R. VURIMINDI | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| | : | |
| LAWRENCE O'CONNOR | : | No. 2915 EDA 2022 |

Appeal from the Order Entered October 31, 2022
In the Court of Common Pleas of Philadelphia County
Civil Division at No(s): 220901579

BEFORE: PANELLA, P.J., KUNSELMAN, J., and KING, J.

MEMORANDUM PER CURIUM:                    **FILED AUGUST 29, 2023**

Vamshidhar Vurimindi adds this *pro se* appeal to the many he has had before this Court. In this appeal, Vurimindi appeals the trial court's order dismissing as frivolous his legal malpractice action against the attorney who was appointed to represent him pursuant to a Post Conviction Relief Act ("PCRA") petition, 42 Pa. C.S.A. §§ 9541-9546. We affirm.

The procedural history leading up to this appeal is extensive but only a brief summary is necessary for purposes of this appeal. Vurimindi was convicted of two counts of stalking and one count of disorderly conduct in 2014. He was sentenced to an aggregate term of two and one-half to five years' incarceration, followed by five years of probation.

Vurimindi ultimately filed a *pro se* PCRA petition in 2019. Lawrence O'Connor, Esq. was appointed to represent Vurimindi, and Attorney O'Connor

subsequently filed two amended PCRA petitions on Vurimindi's behalf. Despite Attorney O'Connor's appointment, Vurimindi nonetheless continued to file *pro se* amended PCRA petitions as well as appeals to this Court. "Since Vurimindi's conviction and despite being represented by counsel, he has filed more than 190 *Pro Se* appeals, correspondences, motions and emails in the criminal matter." Trial Court Opinion, 3/10/2023, at 2. Those *pro se* filings included motions to proceed *pro se* and to remove Attorney O'Connor as counsel, both of which the PCRA court denied, and Vurimindi appealed those denials *pro se* in separate matters*.*

In September 2022, Vurimindi also filed a *pro se* 89-page complaint alleging malpractice against Attorney O'Connor and Jane Doe and John Doe, the *pro se* filing which is the subject of this appeal. In the complaint, Vurimindi alleged Attorney O'Connor had committed malpractice by, among other things, failing to raise multiple additional claims of trial counsel ineffectiveness and failing to include exculpatory evidence in the amended PCRA petitions. Vurimindi filed a petition for leave to proceed *in forma pauperis* along with the complaint. As the trial court noted in its opinion, at the time of these filings, "[Attorney] O'Connor actively represent[ed] Vurimindi in the PCRA case. [And] Vurimindi's PCRA petitions ha[d] not yet been decided by the PCRA court." ***Id.***

The trial court dismissed the motion to proceed *in forma pauperis* and Vurimindi's complaint as frivolous on October 21, 2022. Vurimindi filed a timely notice of appeal, and the trial court filed an opinion in support of its

October 21, 2022 order. In its opinion, the trial court first noted that Pennsylvania Rule of Civil Procedure 240(j)(1) allows a court to dismiss an action:

> If, simultaneous with the commencement of an action … a party has filed a petition for leave to proceed *in forma pauperis*, the court prior to acting upon the petition may dismiss the action … if it is satisfied that the action … is frivolous.

Pa.R.Civ.P. 240(j)(1). "A frivolous action or proceeding has been defined as one that lacks an arguable basis either in law or in fact." Pa.R.Civ.P. 240(j)(1), *Note* (citation omitted).

The trial court then outlined the elements a plaintiff must establish in a malpractice case against a criminal defense attorney. Specifically, the court noted that a plaintiff is required to show: 1) the employment of the attorney; 2) the attorney's reckless or wanton disregard of the plaintiff's interests; 3) the attorney's culpable conduct was the proximate cause of the injury suffered by the plaintiff; 4) the plaintiff suffered damages as a result of the injury; and 5) the plaintiff pursued post-trial remedies and obtained relief which was dependent upon the claimed attorney error. **See** Trial Court Opinion, 3/10/2023, at 3, *citing* **Bailey v. Tucker**, 621 A.2d 108, 115 (Pa. 1993).

In concluding that Vurimindi had failed to meet this standard, the trial court explained:

> Here, [this] court properly dismissed Vurimindi's action as frivolous because, on its face, [Vurimindi's] action lacked an arguable basis in law or fact. Vurimindi's complaint alleges that his current attorney committed malpractice by fraud and misrepresentation of Vurimindi's interests in his PCRA case.

Vurimindi is unable to substantiate this claim because (1) Vurimindi's PCRA petitions remain open and may yet be successful, and (2) [Attorney] O'Connor still actively represents Vurimindi in his PCRA case.

Accordingly, at this time, Vurimindi cannot show that his criminal defense attorney disregarded his interests, committed an error that but for this error, resulted in Vurimindi suffering harm, and that the harm suffered was later remedied by post-trial relief.

Trial Court Opinion, 3/10/2023, at 3.

We discern no error in the trial court's conclusion that Vurimindi's malpractice action against Attorney O'Connor has no basis in law at this point, and therefore in the court's decision to dismiss his action as frivolous.

The court's conclusion is buttressed by the fact that **Bailey** contemplates that a malpractice action against a criminal attorney will be filed after the attorney-client relationship is terminated. To that end, **Bailey** holds that the "appropriate starting point [for the statute of limitations period in a malpractice action] is the termination of the attorney-client relationship." **Bailey**, 621 A.2d at 116. As the trial court noted above, this termination has not yet occurred here as Attorney O'Connor still represents Vurimindi in his unresolved PCRA matter.

Vurimindi maintains, however, that **Bailey** is not applicable to his case. According to Vurimindi, **Bailey** only applies to malpractice actions in a criminal context and the PCRA is civil in nature. As such, he argues, it is the standard for legal malpractice claims in civil actions that applies to his case. Vurimindi asserts this standard only requires him to show: 1) the employment of

- 4 -

Attorney O'Connor; 2) the failure of Attorney O'Connor to exercise ordinary skill and knowledge; and 3) such negligence was the proximate cause of his injury. *See* Appellant's Brief at 10; *citing* **Rizzo v. Haines**, 555 A.2d 58, 65 (Pa. 1989).

Even if we were to credit Vurimindi's argument, our conclusion that the trial court properly dismissed this malpractice action against Attorney O'Connor would not be altered. Under either standard, Vurimindi is required to show he has suffered harm - an injury - from PCRA counsel's alleged culpable conduct. The harm in question here is the denial of PCRA relief, given that Vurimindi's malpractice claim alleges PCRA counsel committed malpractice by providing ineffective assistance in representing him in his PCRA matter. As noted above, Vurimindi had not yet been denied PCRA relief at the time he filed his malpractice complaint. Vurimindi has therefore failed to convince us that he is entitled to any relief.

Vurimindi also argues the trial court erred by dismissing his malpractice action because such an action is the only available vehicle for challenging PCRA counsel's representation. He argues that, in effect, there is no other avenue in which one can litigate claims of ineffectiveness as it relates to PCRA counsel. Of course, such an argument entirely ignores our Supreme Court's recent decision in **Commonwealth v. Bradley**, which specifically held that "a PCRA petitioner may, after a PCRA court denies relief, and after obtaining new counsel or acting *pro se*, raise claims of PCRA counsel's ineffectiveness

at the first opportunity to do so, even if on appeal." 261 A.3d 381, 401 (Pa. 2021). As such, this argument also does not provide Vurimindi with any basis for relief.

Vurimindi has also filed an application for leave to file a post-submission communication, seeking to file a supplemental brief with a supplemental argument he did not include in his initial brief. We deny the application, as such a submission is not contemplated by our Rules of Appellate Procedure.

Order affirmed. Application for leave to file a post-submission communication denied.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 8/29/2023